UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN WILLIAM TOMASZYCKI,

      Petitioner,                         Civil No. 22-cv-11218
                                             Hon. Matthew F. Leitman

v.

GARY MINIARD,

      Respondent.
_____/

## ORDER (1) DIRECTING RESPONDENT TO FILE A REPLY BRIEF ADDRESSING WHY THE STATUTE OF LIMITATIONS SHOULD NOT BE EQUITABLY TOLLED AND (2) GRANTING PETITIONER LEAVE TO FILE A SUR-REPLY

Petitioner Dustin William Tomaszycki is a state prisoner in the custody of the Michigan Department of Corrections.  On May 27, 2022, Tomaszycki filed a petition for a writ of habeas corpus in this Court. (*See* Pet., ECF No. 1.)  On December 2, 2022, Respondent filed a motion to dismiss the petition on the ground that it was barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). (*See* Mot., ECF No. 8.)  On December 22, 2022, Tomaszycki filed a response to the motion in which he argued that the limitations period should be equitably tolled. (*See* Resp., ECF No. 10.)  For the reasons explained below, Respondent shall file a reply brief addressing Tomaszycki's equitable tolling argument.  The Court also grants Tomaszycki leave to file one final sur-reply brief after he receives Respondent's reply.

1

**I**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus filed by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and

prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## II

Tomaszycki does not contest that his petition was untimely filed. Instead, in his response to the motion to dismiss, he argues that the limitations period should be equitably tolled because he contracted the COVID-19 virus twice during the limitations period. (*See* Resp., ECF No. 10.) Tomaszycki further argues that he was unable to timely file his petition because during the relevant limitations period, there were restrictions placed on the use of the prison law library by prisoners due to COVID-19. (*See id.*)

Tomaszycki's response to the motion to dismiss raises fair questions about whether AEDPA's one year limitations period should be equitably tolled in this case. The Michigan Department of Corrections placed certain restrictions on the activities of its prisoners to limit the spread of COVID-19, including limiting prisoners' access to the law library. And Tomaszycki was infected twice with COVID-19. The restrictions placed on prisoners like Tomaszycki during the COVID-19 pandemic, as well as the fact that he contracted the virus twice, may entitle him to equitable tolling. *See Brown v. Davis,* 482 F.Supp.3d 1049, 1058–59 (E.D. Cal. 2020) (extraordinary circumstances caused by COVID-19 pandemic rendered habeas

petitioner unable to file timely habeas petition, and thus district court prospectively equitably tolled limitations deadline for filing petition by four months).

The Court concludes that it would benefit from a reply brief from Respondent addressing Tomaszycki's equitable tolling argument. Respondent shall file that reply by no later than **April 10, 2023**. The Court further grants Tomaszycki leave to file a final sur-reply after he receives Respondent's reply. He shall file that sur-reply by no later than **May 22, 2023**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: March 6, 2023                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4