UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN WILLIAM TOMASZYCKI,

     Petitioner,                                Civil No. 22-cv-11218
                                                  Hon. Matthew F. Leitman

v.

GARY MINIARD,

     Respondent.

_____/

## ORDER (1) DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Dustin William Tomaszycki is a state inmate in the custody of the Michigan Department of Corrections. On May 27, 2022, Tomaszycki filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) In the petition, Tomaszycki seeks relief from his state court convictions of several counts of first and second-degree criminal sexual conduct. (*See id.*) Respondent contends, among other things, that Tomaszycki's claims are barred by the applicable statute of limitations. (*See* Resp., ECF No. 16.) The Court agrees. Therefore, for the reasons explained below, the Court **DISMISSES** Tomaszycki's petition with prejudice and **DENIES** him a certificate of appealability. However, it **GRANTS** Tomaszycki leave to appeal *in forma pauperis*

1

# I

## A

A jury in the Lapeer County Circuit Court convicted Tomaszycki of five-counts of first-degree criminal sexual conduct and three counts of second-degree criminal sexual conduct in 2015.  After the state trial court imposed its sentence, Tomaszycki filed a claim of appeal in the Michigan Court of Appeals.  That court affirmed his convictions but remanded his case to the trial court with instructions to modify his sentence. *See People v. Tomaszycki*, No. 329224, 2017 WL 1244174 (Mich. Ct. App. Apr. 4, 2017).  Tomaszycki filed an application for leave to appeal in the Michigan Supreme Court, but that court denied leave. *See People v. Tomaszycki*, 901 N.W.2d 610 (Mich. 2017).

On May 17, 2018, the state trial court issued an amended judgment of sentence. (*See* Am. Judgment, ECF No. 9-16.)  Tomaszycki did not appeal that amended judgment.

More than one year later, on October 7, 2019, Tomaszycki filed a motion for relief from judgment with the state trial court. (*See* St. Ct. Mot., ECF No. 9-17.)  The state trial court issued an order denying the motion on September 24, 2020. (*See* St. Ct. Order, ECF No. 922.)  Tomaszycki filed a delayed application for leave to appeal the trial court's decision on July 14, 2021. (*See* Application, ECF No. 9-24, PageID.1148-1184.)  On August 3, 2021, the Michigan Court of Appeals dismissed

2

the application "for lack of jurisdiction because [Tomaszycki] failed to file the application within the time period required by [Michigan Court Rule] 7.502(A)(2)." (Mich. Ct. App. Order, ECF No. 9-24, PageID.1147.)  Tomaszycki then applied for leave to appeal with the Michigan Supreme Court.  That court denied the application on March 23, 2022. *See People v. Tomaszycki*, 970 N.W.2d 886 (Mich. 2022).

On May 27, 2022, Tomaszycki filed his habeas petition with this Court.[1] Instead of filing a full response to the petition, Respondent initially filed a motion to dismiss the petition on the ground that it was time-barred. (*See* Mot., ECF No. 8.) The Court concluded that the best way to proceed was to have Respondent file a single response to the petition in which Respondent could set forth *all* of his defenses – both procedural and substantive (including the limitations defense that Respondent had separately presented in the motion to dismiss) – to the claims in the petition. (*See* Order, ECF No. 15.)  The Court therefore denied the motion to dismiss without prejudice and directed Respondent to file a full response to the petition. (*See id.*) Respondent did so (*see* Resp., ECF No. 16) and Tomaszycki filed a reply (*see* Reply, ECF No. 17.)  The Court has carefully reviewed the parties' filing and is now prepared to rule on the petition.

---

[1]  Under the prison mailbox rule, this Court will assume that Tomaszycki filed his habeas petition on May 27, 2022, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

**II**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, imposes a one-year statute of limitations for habeas petitions brought by prisoners challenging state court judgments. AEDPA provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside of the identified time periods generally must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing habeas petition filed 13 days late). *See also Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009) (explaining that AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence").

### III

### A

### 1

A preliminary question in this case is whether Tomaszycki has complied with AEDPA's one-year statute of limitations.  The Court concludes that he has not.

The relevant limitations provision here is Section 2244(d)(1)(A).  The first step in the Court's analysis under that provision is to determine when Tomaszycki's conviction became "final" because that is the date on which AEDPA's limitations period began to run. *See Williams v. Wilson,* 149 F. App'x 342, 345 (6th Cir. 2005). Where a habeas petitioner does not pursue direct review of his conviction by the United States Supreme Court, the judgment becomes final "when the time for

pursuing direct review in [the Supreme] Court, or in state court, expires." *Giles v. Beckstrom*, 826 F.3d 321, 323 (6th Cir. 2016) (quoting *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012)).

The relevant state-court judgment here is the amended judgment of sentence that the state trial court entered on May 17, 2018.  Tomaszycki did not seek direct review of that judgment in the United States Supreme Court.  And his time for seeking direct review of the judgment in state court expired six months after the amended judgment was entered – on November 17, 2018. *See* Mich. Ct. Rule 7.205(F)(3) (providing that a criminal defendant has six months from the entry of judgment to file a delayed application for leave to appeal).  Because he never filed such a delayed application for leave to appeal, his convictions became final, for purposes of ADEPA's statute of limitations, on November 17, 2018. *See Williams v. Birkett,* 670 F.3d 729, 731 (6th Cir. 2012).  Thus, AEDPA's one-year limitations period began to run on the next day, November 18, 2018.

## 2

For the next 323 days, Tomaszycki's statute of limitations continued to run.  Then, on October 7, 2019, Tomaszycki filed a motion for relief from judgment with the state trial court.  As explained above, 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards AEDPA's one-

6

year limitations period. *See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003).  For the purposes of this order, the Court assumes without deciding that the entire time that Tomaszycki's motion for relief from judgment was pending in the state trial and appellate courts, AEDPA's statute of limitations was statutorily tolled under Section 2244(d)(2).[2]  That statutory tolling ended on March 23, 2022, when the Michigan Supreme Court denied Tomaszycki's application for leave to appeal the denial of his motion for relief from judgment. *See Hudson v. Jones*, 35 F.Supp.2d 986, 988-89 (E.D. Mich. 1999).

**3**

When Tomaszycki's statutory tolling ended, he had 42 days remaining under AEDPA's one-year limitations period to file his petition for a writ of habeas corpus in this Court.  In other words, he needed to file his habeas petition by no later than May 5, 2025.  He failed to do so.  Instead, he filed it on May 27, 2022, twenty-two days after AEDPA's limitations period expired.  Because Tomaszycki did not file his habeas petition within AEDPA's limitations period, his petition is not timely.  It therefore must be dismissed.

---

[2] Respondent argues that Tomaszycki is not entitled to tolling for this entire period because he did not properly file an appeal of the denial of his motion for relief from judgment in the Michigan Court of Appeals. (*See* Resp., ECF No. 16, PageID.1546-1556.)  The Court need not and does not resolve that defense.

**B**

Tomaszycki does not contend that his petition was timely filed. He argues instead that he is entitled to equitable tolling for several distinct periods that, if credited by the Court, would render his petition timely filed. The Court will consider each period of claimed equitable tolling below. It concludes that none of those periods can save Tomaszycki's untimely habeas petition.

**1**

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). Finally, the burden is on a habeas petitioner to show that he is entitled to the equitable tolling of AEDPA's limitations period. *See id.*

**2**

Tomaszycki first argues that AEDPA's limitations period should be equitably tolled because he contracted the COVID-19 virus twice during the limitations period and was prevented from accessing the law library due to COVID-19. Tomaszycki

8

says that he initially contracted COVID-19 in December 2020 and that he was placed into prison quarantine for approximately 20 days. (*See* Resp., ECF No. 10, PageID.1471, 1473.)  Tomaszycki then says that he then acquired COVID again in February 2021 and "was quarantine[d]" for "a two week period" due to that infection. (*See id.*, PageID.1473.)  Tomaszycki insists that he is entitled to equitable tolling for the periods of time that he had COVID and was in quarantine because during those periods he was prohibited from using the law library, making copies, or "research[ing] federal law." (*Id.*, PageID.1471.)

The problem for Tomaszycki is that he *already* received credit for tolling during the periods of time that he had COVID and/or was prevented from using the law library.  As explained above, AEDPA's statute of limitations was tolled from October 7, 2019, through March 23, 2022, while his motion for relief from judgment was pending in the state courts.  Thus, during the periods of time that Tomaszycki says that he was prevented from pursuing his habeas rights because of COVID-19, the statute of limitations was paused and was not running.  And equitable tolling need not be applied where the limitations period has already been statutorily tolled, as it was here, under Section 2244(d)(2). *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). *See also Valenzuela v. Small*, No. CV 10-02428-DSF (DFM), 2015 WL 7971087, at *9, n. 8 (C.D. Cal. Nov. 20, 2015) (noting that court cannot apply both statutory and equitable tolling to the same time period), *accepted by* 2015 WL

8022548 (C.D. Cal. Dec. 4, 2015), *vacated on other grounds*, 692 F. App'x 409 (9th Cir. 2017); *Ammons v. Walker*, No. CV 07-08136-AHM (JC), 2011 WL 844965, at *1 (C.D. Cal. Mar. 3, 2011) (refusing to "double count" requested period under equitable tolling because the same time period was already subject to statutory tolling).

For all of these reasons, Tomaszycki is not entitled to equitable tolling related his COVID-19 infections and his inability to access the law library due to COVID-19.

**3**

Tomaszycki next says that he is entitled to equitable tolling for the period of time that he was waiting for a federal habeas petition to arrive in the mail from this Court's Clerk's Office. (*See* Resp., ECF No. 10, PageID.1471-1473.)  It is not clear from Tomaszycki's response how long he waited for the form to arrive, but he says that "the Court[,] in calculating equitable tolling[,] should subtract the waiting period for receiving the habeas forms, since the [prison] law library was closed due to [the] COVID-19 (Omicron) outbreak [….] This waiting period of at least 14 days should be [equitably tolled] as an extraordinary circumstance." (*Id.*, PageID.1481.)

But even if the Court equitably tolled the limitations period for the 14 days that Tomaszycki requests, his petition would still be untimely.  That is because, as explained above, he filed his habeas petition 22 days after AEDPA's limitation

period expired.  Thus, even if Tomaszycki received credit for an additional 14 days of equitable tolling, his still would have filed his petition eight days after the expiration of the statute of limitations.  For all of these reasons, Tomaszycki's petition would remain untimely even if the Court equitably tolled the limitations period for the fourteen days that Tomaszycki says he was waiting for the habeas form to arrive from the Clerk's Office.

## 4

Finally, Tomaszycki appears to request equitable tolling for an undefined period of time while he attempted to acquire certain files related to his convictions. More specifically, Tomaszycki says that he is entitled to equitable tolling because (1) his appellate attorney delayed in providing him with his trial transcripts and other files, and (2) he did not receive certain court records from the state court until November 28, 2022. (*See* Resp., ECF No. 13, PageID.1507.)

Tomaszycki is not entitled to equitable tolling for these periods.  First, standing alone, "the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling" because "access to the trial transcript—although understandably helpful to petitioners—is not necessary to file a habeas petition." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011).  Second, "lack of access to legal materials" is likewise generally not enough to warrant equitable tolling, at least "where a petitioner does not sufficiently

11

explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017). Here, Tomaszycki has not sufficiently explained how his lack of access to legal materials prevented him from filing a timely habeas petition. For instance, he has not explained why he could not have filed a timely habeas petition and then supplemented that petition once he received the records that he said he was missing. Simply put, Tomaszycki has not connected the missing files to a reason he could not file his petition. Tomaszycki has therefore failed to show a causal relationship between any of the grounds asserted by him to equitably toll the limitations period and the untimely filing of the petition.

## IV

For all of the reasons explained above, the Court **DISMISSES** Tomaszycki's petition for a writ of habeas corpus. The Court also **DENIES** Tomaszycki a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, only if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court denies Tomaszycki a certificate of appealability because reasonable jurists would not find it debatable whether the Court was correct in determining that Tomaszycki had filed his habeas petition outside of AEDPA's one-year limitations period. *See Grayson v. Grayson,* 185 F.Supp.2d 747, 753 (E.D. Mich. 2002).

Finally, although this Court declines to issue Tomaszycki a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant *in forma pauperis* status if it finds that an appeal is being taken in good faith. *See id*. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  Although jurists of reason would not debate this Court's resolution of Tomaszycki's claims, an appeal could be taken in good faith. Accordingly, the Court **GRANTS** Tomaszycki permission to proceed *in forma pauperis* on appeal.

## V

Accordingly, for the reasons stated above, the Court **DISMISSES WITH PREJUDICE** Tomaszycki's petition for a writ of habeas corpus (ECF No. 1).  The

Court further **DENIES** Tomaszycki a certificate of appealability.  Finally, the Court

**GRANTS** Tomaszycki leave to appeal *in forma pauperis*.

      **IT IS SO ORDERED**.

                          s/Matthew F. Leitman
                          MATTHEW F. LEITMAN
                          UNITED STATES DISTRICT JUDGE

Dated:  June 3, 2025


      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 3, 2025, by electronic means and/or ordinary mail.

                          s/Holly A. Ryan
                          Case Manager
                          (313) 234-5126